**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3665
_____

JOSEPH ARUANNO,
                              Appellant

v.

OFFICER GREEN, D.O.C. Staff;
STEVE JOHNSON, Administrator;
CINDY SWEENEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 09-cv-01542)
District Judge:  Honorable Jose L. Linares

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 14, 2013

Before:  SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed May 30, 2013)
_____

OPINION
_____

PER CURIAM

    Pro se appellant, Joseph Aruanno, appeals from the order of the United States District

Court for the District of New Jersey dismissing his civil rights action for failure to state a

claim.  We will affirm the District Court's judgment.

The District Court's opinions entered on July 12, 2010, June 22, 2011, and August 30, 2012, contain recitations of the allegations of Aruanno's complaint and amended complaints filed under 42 U.S.C. § 1983, from which the District Court quoted extensively. We need not repeat those allegations in detail here and, instead, briefly note the following. Aruanno is confined at the Special Treatment Unit (STU) in Avenel, New Jersey, and submitted a complaint which he sought to proceed with in forma pauperis pursuant to 28 U.S.C. § 1915. He named as defendants three staff members at the STU (Officer Green, Administrator Steve Johnson, and Superintendent Cindy Sweeney), and listed various other individuals in an attachment to the complaint. These included Lt. Robert Kent, Officer Clements, Administrator Paul Lagana, then Commissioner George W. Hayman, then Public Advocate Ron Chen, then DHS Commissioner Kevin Ryan, Director Merrill Main, Christine Todd Whitman, James McGreevey, Richard Codey, and Jon Corzine. Aruanno alleged that defendants are denying him proper access to the yard to minimize his exposure to indoor smoking and that defendant Johnson is allowing smoking indoors, thus exposing him to environmental tobacco smoke ("ETS") which poses an unreasonable risk of harm to his health in violation of his Eighth and Fourteenth Amendment rights.[1] He further alleged that he was threatened and assaulted for having brought the matter to the attention of the defendants. As relief, Aruanno sought ten million dollars in damages and injunctive relief.

---

[1] As the District Court properly noted, because Aruanno is civilly committed, his ETS claim is brought pursuant to the Due Process Clause of the Fourteenth Amendment. See Youngberg v. Romeo, 457 U.S. 307, 315-16 (1982). Eighth Amendment standards are nonetheless applicable as the minimal standard that must be met. See Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

The District Court granted Aruanno in forma pauperis status and screened the complaint for dismissal under § 1915(e)(2)(B). Even with the liberal construction afforded a pro se litigant, the District Court concluded that the complaint was subject to summary dismissal. The District Court dismissed the complaint against defendants Cindy Sweeney, Officer Clements, George W. Hayman, Ron Chen, Kevin Ryan, Merrill Main, Christine Todd Whitman, James McGreevey, Richard Codey, and Jon Corzine because Aruanno made no specific, non-conclusory, factual allegations against them. With respect to defendants Johnson, Officer Green, Lt. Kent, and Paul Lagana, the District Court determined that, although mentioned in the body of the complaint, the factual assertions set forth against these defendants were likewise conclusory or too nebulous to state a plausible claim as required by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The District Court thus dismissed Aruanno's complaint for failure to assert facts to support the conclusion that he had been exposed to unreasonable levels of ETS, that officials were deliberately indifferent to this exposure, or that he had been threatened and subjected to excessive force. However, the District Court allowed Aruanno the opportunity to file an amended complaint to state a cognizable claim. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Aruanno filed an amended complaint consisting of a five-page narrative. Aruanno asserted, inter alia, that certain staff (namely, Kent, Green, and Lagana) have been observed smoking indoors, that some staff members and patients feel as though they have a right to smoke wherever and whenever they wish, and that, as a result, patients have been exposed to smoking in the dayroom, the small yard, and the telephone room. Aruanno further stated that

3

he was moved into a room that smelled of stale cigar or cigarette smoke and that, during the actual move, he suffered nausea, chest pains, and difficulty breathing. Aruanno noted that he was eventually permitted to go to "medical" where he was given medication. See Am. Compl. at 3. The District Court screened the amended complaint and concluded that Aruanno failed to provide factual support showing that he himself was exposed to an unreasonably high level of ETS and, thus, he failed to satisfy the objective element of the ETS claim, nor did the facts set forth in the amended complaint establish how each defendant was deliberately indifferent to a health risk as a result of his ETS exposure as required by Helling v. McKinney, 509 U.S. 25, 35-36 (1993). Aruanno's amended complaint was thus dismissed for failure to state a claim and he was afforded one final opportunity to amend his complaint to state facts establishing a claim under Helling.

Aruanno's second amended complaint fared no better. Despite the District Court's admonishment that the second amended complaint must be complete on its face, and in total disregard of the court's warning that it would not attempt to piece together allegations in the complaint, amended complaint, and second amended complaint, Aruanno nonetheless filed a document which the District Court accurately described as a "rambling letter." The District Court observed that, once again, Aruanno failed to describe the nature of the degree of his exposure to ETS. Instead, referencing the opinion of the Surgeon General and the fact that other ETS lawsuits have been filed by "residents with chronic breathing conditions" – thus, putting defendants on notice of the problem – Aruanno insists that *any* exposure to ETS at this point is constitutionally unreasonable. Having determined that Aruanno's assertion is not an

4

accurate statement of the constitutional standard used to evaluate ETS claims, the District Court concluded that Aruanno failed to assert non-conclusory facts showing that he was exposed to unreasonable levels of ETS or that defendants were deliberately indifferent to that exposure. As such, the District Court dismissed Aruanno's second amended complaint with prejudice for failure to state a claim. This appeal followed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's sua sponte dismissal under § 1915(e)(2)(B)(ii). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Upon careful consideration, we agree with the District Court's assessment of Aruanno's complaint and amended complaints, and we will affirm for substantially the same reasons set forth in the District Court's opinions. Aruanno did not allege sufficient factual allegations to support a plausible claim that he was exposed to unreasonably high levels of ETS contrary to contemporary standards of decency, see Helling, 509 U.S. at 35, or that any of the named defendants were deliberately indifferent to any unreasonable health risks he faces in the STU on account of his exposure to ETS. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (To establish liability under the Eighth Amendment, an "official must both be aware of facts from

5

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). We will briefly address the issues Aruanno presents on appeal.

Aruanno protests that the District Court incorrectly applied the standard set forth in Helling to the facts alleged in his complaints. According to Aruanno, the District Court is bound by the Surgeon General's statement that "any exposure to second hand smoke is harmful" when considering the sufficiency of his allegations regarding his ETS claim. See Informal Br. at 3. Aruanno also argues that the District Court "avoided state law and statute" that prohibit indoor smoking in conducting its analysis. Id. at 4. Initially, we point out that Aruanno's complaint was filed pursuant to 42 U.S.C. § 1983. "The Supreme Court has set forth the two essential elements of a § 1983 action: '(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981)). Aruanno's reliance on state laws and statutes is thus misplaced. Additionally, while we do not question the veracity of the conclusion that exposure to second hand smoke is harmful, the District Court correctly determined that it is the standard set forth by the Supreme Court in Helling (e.g., that exposure to ETS is actionable where that exposure causes an "unreasonable risk of serious damage" to a person's health) that is to be employed in reviewing the sufficiency of Aruanno's allegations.

Aruanno further asserts that the District Court "avoided undeniable evidence" regarding the amount of his ETS exposure. Such was not the case. The District Court reviewed the

6

complaint pursuant to the screening provisions set forth in 28 U.S.C. § 1915. No discovery was conducted and no evidence submitted which the District Court could have ignored. Contrary to appellant's contention, the District Court did not err by failing to appoint experts to take samples from the walls of his cell and his blood, or to perform some mathematical calculation based on the amount of cigarettes sold to patients in the STU and the number of hours per day that smokers have access to the outdoor areas, in order to determine the amount of ETS to which he has been exposed. That the factual allegations set forth in Aruanno's complaints failed to state an ETS claim that was plausible on its face justified the District Court's decision to summarily dismiss the action. See Iqbal, 556 U.S. at 678.

Aruanno also seems to argue that the District Court ignored his claims that he was denied medical attention and that excessive force had been used against him. With respect to the allegation that he was denied medical attention, however, Aruanno acknowledged that he eventually "complain[ed] to medical, where he was given medication." See Am. Compl. at 3. Moreover, on more than one occasion, Aruanno has stressed that he intended this case to be focused on his claim regarding exposure to second hand smoke. Id.; Informal Br. at 2. We, thus, cannot fault the District Court for failing to extract an additional claim based on the denial of medical care from Aruanno's filings. Additionally, Aruanno has specifically denied seeking to pursue a claim regarding excessive force. See Am. Compl. at 3 ("First, this case is not about that excessive force but focuses on the smoking issue."). Aruanno is a seasoned pro se litigant, and the District Court committed no error in proceeding in accordance with his expressed intentions.

As we discern no error in the District Court's dismissal of Aruanno's case for failure to state a claim, we will affirm the judgment of the District Court.